(25 Misc. Rep. 328.)

### SEEMAN et al. v. BANDLER.

(City Court of New York, General Term. November 18, 1898.)

1. INCONSISTENT DEFENSES.
   Inconsistent defenses may be pleaded.

2. ELECTION OF REMEDIES.
   Plaintiff, having elected to rescind a contract of sale by bringing replevin for the goods, cannot abandon his claim in such action as to the goods which cannot be found, and, while the replevin suit is pending, sue on contract for the price of such articles.

Appeal from trial term.

Action by Johnson Seeman and others against Gabriel Bandler for price of goods sold. From a judgment on a verdict directed for plaintiffs, defendant appeals. Reversed.

Argued before CONLAN and O'DWYER, JJ.

Wesserman & Jacobs, for appellant.

Maurice S. Heyman, for respondents.

O'DWYER, J. It was essential to the plaintiffs' case to show a sale and delivery of the goods, these facts having been put in issue by the second paragraph of the first defense of the answer, and this the plaintiffs failed to do. The objection of the plaintiffs' counsel is not well taken, for the defendant is allowed to plead as many defenses as he wishes, and their inconsistency is no objection. The evidence shows that on September 23, 1897, plaintiffs brought an action in replevin in the city court of the city of New York against one Herman Weiner, to recover, among others, the articles to recover the value of which this action is brought; that the complaint in said action in replevin alleges that these articles were detained by the said Weiner, who claimed to hold them by virtue of a bill of sale from this defendant; that in said action in replevin the sheriff seized all the articles alleged to have been transferred by this defendant to the said Weiner by said bill of sale, which had not been disposed of; that this action is brought

to recover the value of goods which could not be found by the sheriff in said action in replevin; that a notice of abandonment of so much of the plaintiffs' claims as related to the chattels which are the subject of this action was served in said replevin action; that said action in replevin is now pending and undecided. By bringing their action in replevin, and claiming ownership of the goods in question, the plaintiffs elected to rescind the sale of the goods to this defendant; and, having once elected to rescind the contract, they could not thereafter reaffirm a part of such contract, and maintain an action thereon against the defendant, especially while such action in replevin was still pending. The pendency of the replevin action is a good defense to this action. See Wile v. Brownstein, 35 Hun, 68, where Follett, J., said at page 71:

"No authority has been cited authorizing a plaintiff, after electing to sue in tort for a whole cause of action, and while the action in tort is pending, to divide his cause of action into two parts, and maintain a second action on contract for the recovery of the other part, continuing at the same time his action in tort."

This case follows the case of Moller v. Tuska, 87 N. Y. 167.

Judgment appealed from reversed, and complaint dismissed, with costs.

CONLAN, J., concurs.